IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH BRAGGS, | ) | No. C 09-5860 JSW (PR) |
| Plaintiff, | ) ) ) | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| vs. | ) ) | |
| STATE OF CALIFORNIA, | ) ) | |
| Defendant. | ) ) ) | |

**INTRODUCTION**

Petitioner, currently incarcerated by the State of California at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The complaint is largely incomprehensible, but apparently challenges certain aspects of Plaintiff's criminal trial.  This order reviews the complaint pursuant to 28 U.S.C. § 1915A  and dismisses the complaint for the reasons set forth below.  Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis*.

**DISCUSSION**

Plaintiff's complaint is largely incomprehensible, commencing with a discussion of Plaintiff's desire to join the military and to act as an undercover operative on behalf of the U.S. government, and continues at length about the ills of child molestation and celibacy in prison.  The complaint concludes with a discussion of Plaintiff's desire to challenge the failure of 3 psychiatrists who were aware of Plaintiff's mental condition

1   which he describes as "severe...skizo effective by polar disorder [sic]" to testify on his

2   behalf at his trial, where he presented an insanity defense.

3   A.  Standard of Review

4        Federal courts must engage in a preliminary screening of cases in which prisoners

5   seek redress from a governmental entity or officer or employee of a governmental entity.

6   *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims,

7   and dismiss any claims which are frivolous, malicious, fail to state a claim upon which

8   relief may be granted, or seek monetary relief from a defendant who is immune from

9   such relief.  *See id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *See*

10  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

12  elements:  (1) that a violation of a right secured by the Constitution or laws of the United

13  States was violated, and (2) that the alleged deprivation was committed by a person

14  acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

15  B.  Legal Claim

16       In this case, Plaintiff has sued the State of California.  However, Plaintiff's

17  complaint fails to set forth any comprehensible allegations from which the Court can

18  discern a legitimate basis for his complaint.

19       A claim is frivolous if it is premised on an indisputably meritless legal theory or is

20  clearly lacking any factual basis.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

21  Although a complaint is not "frivolous" within the meaning of sections 1915A and

22  1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure

23  12(b)(6) ("Rule 12(b)(6)"), *see Neitzke*, 490 U.S. at 331, failure to state a claim is a

24  separate basis for dismissal under sections 1915A and 1915(e)(2).

25       A dismissal as legally frivolous is proper only if the legal theory lacks an arguable

26  basis, while under Rule 12(b)(6) a court may dismiss a claim on a dispositive issue of

27

28                                            2

law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one. *See id.* at 324-28. A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). The Court is unable to ascertain a cognizable federal claim from Plaintiff's incomprehensible civil rights complaint.

To the extent that Plaintiff seeks to challenge the circumstances underlying his criminal conviction, he has improperly filed his claim as a civil rights action. A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) (ADA claim); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim). In this case, it appears that the substance of Plaintiff's claim is an attack on the validity of his confinement such that they necessarily imply the invalidity of his continuing confinement. To the extent that Plaintiff seeks to challenge his conviction in this manner, they are DISMISSED without prejudice. As such, the entire complaint fails to state a claim for relief and is dismissed.

**CONCLUSION**

Based on the foregoing, this action is DISMISSED. The Clerk of Court shall

1   close the file and enter judgment in accordance with this order.

2          IT IS SO ORDERED.

3   DATED:  January 7, 2010

4                                                   _____
                                                    JEFFREY S. WHITE
5                                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                  4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH BRAGGS,

              Plaintiff,

  v.

STATE OF CALIFORNIA et al,

              Defendant.

_____/

Case Number: CV09-05860 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Braggs
P.O. Box 7500
J58142
Crescent City, CA 95531

Dated: January 7, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk